SCOTT TALKOV, #264676
**REID & HELLYER**
A Professional Corporation
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415
Email: stalkov@rhlaw.com

Attorneys for Robert S. Whitmore,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Peter Francis Macera, Jr.<br><br>　　　　Debtor. | CASE NO. 6:14-bk-18815-WJ<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S CONTINUED MOTION:**<br><br>**1) TO ALLOW OVERBIDDING IN APPROVAL OF THE SALE OF REAL PROPERTY OF THE ESTATE AT 16100 NAVAJO RD., APPLE VALLEY, CA 92397, APN 0437-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, FREE AND CLEAR OF LIENS PURSUANT TO BANKRUPTCY CODE §§ 363(b)(1) AND (f); AND**<br><br>**2) TO THE EXTENT NECESSARY, SETTING ASIDE ANY ORDER APPROVING MR. VICUNA AS THE BUYER FOR $231,500;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ROBERT S. WHITMORE, SCOTT TALKOV AND ANGELA M. KNIGHT**<br><br>DATE:　To Be Determined<br>TIME:　To Be Determined<br>CRTRM.: #304, Third Floor<br>　　　　3420 Twelfth Street<br>　　　　Riverside, CA 92501 |

/ / /

-1-

**I.**

**INTRODUCTION**

The Trustee, by way of this motion, requests a hearing to allow overbidding and approval of the purchaser of real property located at 16100 Navajo Rd., Apple Valley, San Bernardino County, California 92397, APN 0437-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 ("Apple Valley Property").

The Trustee makes this request because an error occurred at the prior hearing on the sale of the Apple Valley Property on July 19, 2016 at 1:00 p.m. Specifically, the Trustee's broker, Angela Knight, appeared at the hearing on behalf of the Trustee, as seller, and Mr. Vicuna, as the proposed buyer. Ms. Knight was also aware that Realtor Scott Drake, on behalf of an overbidder, was also in the courtroom. However, neither Ms. Knight nor Mr. Drake came forward during the hearing, as neither realized that the sale motion on the Apple Valley Property was being heard. Moreover, neither the Trustee, the Trustee's counsel, nor the Court requested any overbidders. After the hearing, Ms. Knight, Mr. Drake, and their clients remained in the courtroom under the belief that the sale had not yet occurred. The Trustee's counsel learned hours later what had occurred, and hereby seeks to remedy this issue to preserve all rights.

Accordingly, the Trustee respectfully requests a new hearing to allow the overbidding to occur on the procedures set forth herein, and if no overbidders appear, to approve the sale to Mr. Vicuna as set forth in the motion to sell filed herein as Doc. 49.

In the event this Court deems it necessary, the Trustee also respectfully requests that this Court set aside any order approving Mr. Vicuna as the buyer at a price of $231,500 based on the Ninth Circuit opinion of *In re CADA Investments, Inc.*, 664 F.2d 1158, 1161-63 (9th Cir. 1981), which set forth that: "Courts have generally appeared willing to set aside confirmed sales that were tinged with fraud, error or similar defects which would in equity affect the validity of any private transaction."

The Trustee believes that the requested relief will preserve the rights of all parties and will be to the benefit of the Estate.

///

///

-2-

## II.

## PURCHASE OFFERS

The Trustee received three offers to purchase the Apple Valley Property. The Trustee received an acceptable offer of $231,500 submitted by Ms. Knight on behalf of Mr. Vicuna, providing notice to Mr. Drake as the Realtor for the Mettias' and a third Realtor who also submitted an offer.

## III.

## THE TRUSTEE WELCOMES OVERBIDDING AT THE CONTINUED HEARING

The Trustee incorporates by reference all requests and arguments set forth in the motion to sell filed herein as Doc. 49. The notice procedures for the sale have already been met by way of the prior motion and hearing thereon. The only issue that remains is overbidding for the Apple Valley Property, which has not yet occurred.

The procedures for submission of an overbid at the hearing on the continued motion to approve the sale of the Apple Valley Property are described below. If any party appears and wishes to purchase the Apple Valley property, an auction will be held in order to sell the property to the bidder who makes the best offer. Accordingly, the Trustee requests that the Court adopt certain overbid procedures.

Any party wishing to submit an overbid should appear at the hearing on this motion on at the date and time shown in the notice of motion, above, before the Honorable Wayne Johnson in Courtroom 304, Third Floor, 3420 Twelfth Street, Riverside, California 92501.

In addition, at the hearing, each potential overbidder should tender a deposit in the form of a cashier's check in the amount of $5,000.00 made payable to "Robert S. Whitmore, Chapter 7 Trustee" and provide the Trustee with proof of a loan commitment or an independent ability to pay at least the amount of the opening offer. The deposit of the successful purchaser shall be non-refundable. The deposit of any unsuccessful bidder shall be returned immediately.

The first overbid for the Property should be for at least $3,000 more than the offer referenced herein and subsequent overbids should be in increments of at least $2,000. The successful bidder must agree (and so state on the record) to execute a purchase agreement in a form

satisfactory to the Trustee. That purchase agreement will be nearly identical to the purchase agreement attached to the motion for an order authorizing Trustee to approve the sale of the bankruptcy estate's interest in the Apple Valley Property.

Any party who wishes to overbid may also contact the Trustee's attorney (Scott Talkov at (951) 682-1771 / stalkov@rhlaw.com) or the Trustee (Robert S. Whitmore at (951) 276-9292) for additional information regarding overbidding.

## IV.

## TO THE EXTENT NECESSARY, ANY ORDER APPROVING MR. VICUNA AS THE BUYER AT THE PRICE OF $231,500 SHOULD BE SET ASIDE

It is unclear if the Court has already approved Mr. Vicuna as the buyer of the Apple Valley Property. Notably, the Trustee has not submitted an order to this effect.

To the extent necessary, the Trustee requests that any order approving Mr. Vicuna as the buyer be set aside under FRCP, Rule 60, made applicable to these proceedings by FRBP Rule 9024.

Specifically, Rule 60 was applied in analogous circumstances in the Ninth Circuit opinion of *In re CADA Investments, Inc.*, 664 F.2d 1158, 1161-63 (9th Cir. 1981), which set forth that: "Courts have generally appeared willing to set aside confirmed sales that were tinged with fraud, error or similar defects which would in equity affect the validity of any private transaction."

The Ninth Circuit in *CADA* found that "[t]he equitable power of bankruptcy courts to set aside orders is well established," explaining that this "was limited to cases in which rights had not vested on faith of the order. Accordingly, courts have been reluctant to set aside confirmed sales. The reluctance to set aside confirmed sales reflects a desire to promote the finality of judicial sales."

The *CADA* opinion noted that "the Third Circuit upheld an order setting aside a sale because, through an 'innocent mistake,' the trustee's attorney failed to notify a bidder of the confirmation hearing. The court suggested that the 'major question' in examining the propriety of orders to set aside is 'one of common decency,' and concluded that the referee acted 'completely within his sound discretion' in 'immediately . . . call[ing] for a new hearing which gave everybody concerned equal opportunity to buy the particular property.'"

Ultimately, *CADA* concluded that "although the policy of finality normally protects

-4-

confirmed sales from orders to set aside, sales are properly set aside when compelling equities outweigh the interests in finality."

*CADA* is still the law of the Ninth Circuit, which cited the case in May 2016 as "describing the power to set aside transactions as a matter of equity within the discretion of the court," drawing such a conclusion in the context of setting forth that "bankruptcy sales may be set aside in appropriate circumstances." *Wisdom v. Gugino*, No. 13-35409, 2016 U.S. App. LEXIS 8666, at *4-5 (9th Cir. May 11, 2016) (unpublished; cited only for persuasive value, if any); see *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.* (In re Int'l Fibercom, Inc.), 503 F.3d 933, 940 (9th Cir. 2007) (citing *CADA*).

Here, the Trustee and the Trustee's counsel first learned after the hearing that an overbidder for the Apple Valley property was present in the courtroom. (Decl. Talkov; Decl. Whitmore.) Neither the Court nor any other party asked for overbids. (Decl. Talkov; Decl. Whitmore.) This presumably did not occur because the Court, Trustee's counsel, and Wells Fargo's counsel were focused on the proposed sale of the Victorville property. (Decl. Talkov; Decl. Whitmore.)

However, the Trustee's broker was aware that an overbidder was present at the hearing, but was not aware that the overbidder should have made his presence known during the hearing on the sale motion. (Decl. Knight.) Instead, the Trustee's broker believed the sale of the Apple Valley Property would be occurring at a later hearing occurring on the same calendar of this Court. (Decl. Knight.)

The Trustee's counsel learned from Ms. Knight later on the afternoon of the sale that an overbidder was present in the courtroom. (Decl. Talkov.) Accordingly, the Trustee has taken no actions in furtherance of any sale, if it occurred, of the Apple Valley Property. (Decl. Talkov.)

Accordingly, there was a qualified overbidder appearing at the place and time of the hearing, meaning any approval of the sale was tinged with an error or similar defect which would in equity affect the validity of any private transaction.

As such, the Trustee respectfully requests that this Court set aside any approval of the sale to Mr. Vicuna at a price of $231,500.

**V.**

**CONCLUSION**

The Trustee believes that the sale of the Apple Valley Property is in the best interests of the Estate. Accordingly, the Trustee respectfully requests an order:

1) Approving the bidding procedures utilized by the Trustee as described above;

2) Approving the sale of the Apple Valley Property to the proposed buyer, the payment of broker's commissions, as well as usual and ordinary escrow fees and taxes;

3) Determining that the buyers are good faith purchasers pursuant to Bankruptcy Code Section 363(m);

4) Waiving the 14 day stay under Federal Rules of Bankruptcy Procedure, Rule 6004(h);

5) To the extent necessary, setting aside any order approving the sale of the Apply Valley Property to Mr. Vicuna at a price of $231,500; and

6) For such other and further relief as the Court deems just and proper under the circumstances of this case.

DATED: July 27, 2016

REID & HELLYER
A PROFESSIONAL CORPORATION

By: /s/ Scott Talkov
    SCOTT TALKOV
    Attorneys for Robert S. Whitmore,
    Chapter 7 Trustee

## DECLARATION OF ROBERT S. WHITMORE

I, Robert S. Whitmore, declare as follows:

1. I am Robert S. Whitmore, Chapter 7 Trustee of the Estate of Peter Francis Macera, Jr. I have personal knowledge of the facts set forth herein, and if called upon as a witness to testify thereto, I could competently and truthfully do so.

2. I first learned after the hearing that an overbidder for the Apple Valley property was present in the courtroom. To the best of my recollection, neither the Court nor any other party asked for overbids. This presumably did not occur because the Court, my counsel, and Wells Fargo's counsel were focused on the proposed sale of the Victorville property.

3. I was informed that my counsel learned from Ms. Knight later on the afternoon of the sale that an overbidder was present in the courtroom. Accordingly, I have taken no actions in furtherance of any sale, if it occurred, of the Apple Valley Property.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 27, 2016, at Riverside, California.

_____
Robert S. Whitmore

-7-

## **DECLARATION OF SCOTT TALKOV**

I, Scott Talkov, declare:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and am a partner of Reid & Hellyer, attorneys of record for Robert S. Whitmore, Chapter 7 Trustee herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. I first learned after the hearing that an overbidder for the Apple Valley property was present in the courtroom by way of a call from Angela Knight, the Trustee's broker. To the best of my recollection, neither the Court nor any other party asked for overbids. This presumably did not occur because the Court, myself, and Wells Fargo's counsel were focused on the proposed sale of the Victorville property.

3. I was informed by Ms. Knight later on the afternoon of the sale that an overbidder was present in the courtroom. Accordingly, I have taken no actions in furtherance of any sale, if it occurred, of the Apple Valley Property.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 28, 2016, at Riverside, California.

/s/ Scott Talkov
Scott Talkov

-8-

# **DECLARATION OF ANGELA M. KNIGHT**

I, Angela M. Knight, declare as follows:

1.  I am Angela M. Knight, a California licensed real estate salesperson (Cal. BRE No. 01792675) with Knight Real Estate Corp., dba Century 21 Dessert Rock, the brokerage employed by the Chapter 7 Trustee to market the Apple Valley Property (BK Doc. No. 42.) I am also the agent for Mr. Vicuna, who submitted a bid to purchase the Apple Valley Property. I have personal knowledge of the facts set forth herein, and if called upon as a witness to testify thereto, I could competently and truthfully do so.

2.  I was present in the courtroom at the hearing on July 19, 2016 shortly after 1:00 p.m. Also present was my client, Mr. Vicuna, as well as Realtor Scott Drake and his client, the Mettias'.

3.  When the matter was called that I now understand was the sale of the Apple Valley Property, I was not aware that I should have come forward to the lectern or encouraged Mr. Drake to do so. After the hearing ended, I stayed in the courtroom under the belief that the hearing on the sale of the Apple Valley Property was forthcoming.

4.  After waiting for several minutes, I emailed Trustee's counsel, who had already left the courtroom, as to what I should do. He informed me that the hearing was over and that I could leave.

5.  Later that afternoon, I called Trustee's counsel, Scott Talkov, to inform him for the first time that there was an overbidder for the Apple Valley property present in the courtroom. To the best of my recollection, neither the Court nor any other party asked for overbids.

6.  However, I was aware at the hearing that an overbidder was present, but was not aware that the overbidder should have made his presence known during the hearing on the sale motion. Instead, I believed the sale of the Apple Valley Property would be occurring at a later hearing occurring on the same calendar of this Court.

/ / /

/ / /

/ / /

/ / /

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

dotloop signature verification: www.dotloop.com/my/verification/DL-180246374-4-282X

1      7.    I have not taken any actions in furtherance of any sale, if it occurred, of the Apple Valley Property. Instead, I have kept Mr. Vicuna and Mr. Drake aware of the issue and worked with the Trustee to resolve the issue.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 27, 2016, at Hesperia, California.

*Angela Knight*
Angela Knight

dotloop verified
07/27/16 6:34PM EDT
7NDL-QCD8-0HH3-4MXD

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771